**DONG SHENG SUN, a.k.a. Sun, Tung Sing, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 07–0462–ag.

United States Court of Appeals, Second Circuit.

Sept. 13, 2007.

G. Victoria Calle, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, James E. Grimes, Senior Litigation Counsel, Sarah Maloney, Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Petitioner Dong Sheng Sun, a native and citizen of China, seeks review of a January 16, 2007 order of the BIA affirming the June 8, 2005 decision of Immigration Judge ("IJ") William P. Van Wyke, denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tung Sing Sun*, No. A73 646 587 (B.I.A. Jan. 16, 2007), *aff'g* No. A73 646 587 (Immig. Ct. New York City, June 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Because the BIA issued an opinion fully adopting the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review factual findings, including adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

■ The IJ's adverse credibility determination is supported by substantial evidence. First, the IJ's determination is entitled to significant deference, as it was based, in part, on Sun's demeanor. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1. (2d Cir.2005). Moreover, the IJ explicitly cited several discrepancies, including the difference between his two asylum applications and Sun's failure to raise his sexuality-based fear either in his second asylum application or at the merits hearing, until confronted by the Government. Accordingly, the IJ based his determination on

specific inconsistencies in the record, and those inconsistencies, in the form of three distinct bases for Sun's asylum claim, were substantial, *see Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). Sun's disavowal of his first application does not rehabilitate his claim, as the IJ is not required to overlook the first application even where it has been withdrawn. In addition to the presumption that applies under 8 C.F.R. § 1208.3(c)(2), that the applicant was aware of the contents of the application when it was filed, and the fact that the IJ was not required to solicit explanations given the obvious nature of the inconsistencies, *see Majidi,* 430 F.3d at 80–81, the IJ gave a reasoned evaluation of Sun's explanation. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005).

 Because the inconsistencies between the applications were a sufficient basis for the adverse credibility finding, it was not improper for the IJ to require corroboration of Sun's claim based on his military service. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006) (failure to corroborate may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question). However, neither his mother's statement nor his second asylum application corroborated his claims that he was regularly called in for questioning or that officers went to his parents' house in search of him after his removal from the army. Moreover, the military identification document Sun submitted was not authenticated. As such,

the IJ was not unreasonable in finding that Sun's corroboration was insufficient to rehabilitate his claim.

 Because the IJ's adverse credibility determination was supported by substantial evidence, the agency's denial of his asylum application was proper. Because the only evidence of a future threat of persecution or torture depended upon Sun's credibility, the IJ's adverse credibility determination necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Sun has waived his CAT claim by failing to argue it in this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).